### SWINDELL et al. v. HAGAN.

(District Court, W. D. Pennsylvania.    August 27, 1912.)

No. 84.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—ANNEALING FURNACE.
     The Swindell patent, No. 624,401, for an annealing furnace, in which gas is used as the fuel, was not anticipated, and discloses patentable invention; also *held* infringed.

In Equity. Suit by Edward H. Swindell and Bessie Swindell, as executors of William Swindell, deceased, and John C. Swindell, against George J. Hagan. On final hearing. Decree for complainants.

Bakewell & Byrnes, of Pittsburgh, Pa., for complainants.
Harry Easton, of Pittsburgh, Pa., for defendant.

ORR, District Judge. This is a patent case, now before the court on final hearing upon bill, answer, replication, and proofs. The plaintiffs, having title, charge infringement of letters patent of the United

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r.Indexes

States No. 624,401, issued May 2, 1899, to William Swindell and John C. Swindell for an annealing furnace. The bill is in the usual form and prays the customary relief. While there are no unusual defenses, there is an unusual number of references to alleged disclosures in the prior art, there being cited 104 United States patents, 2 French patents, 6 British patents, 7 specified prior publications, and 19 specified prior installations and uses. Of all these references, not more than 13 were used in the argument and brief in behalf of defendant. The inclusion by the pleader of references, unless they are thought to be material to the issues, is not to be commended. It adds more weight to the burden of litigation, but rarely gives increased weight to the defense.

Under the authority of the plaintiffs, a partnership with the firm name of William Swindell & Bros. has been constructing and installing annealing furnaces as described and covered in the patent from the year 1898 to date. Such installations are found in the states of New York, New Jersey, Pennsylvania, Ohio, Indiana, and Illinois, and at the time the testimony was taken numbered 138 in all. The defendant is also engaged in building annealing furnaces, and has been in business for himself since 1909. Since that date, at least, he has built some annealing furnaces which plaintiffs charge are infringements of the patent. His testimony is not clear as to the time when his present form of annealing furnace was first used. He thinks that Mr. Erickson, by whom he was employed, first erected such annealing furnaces as early as 1900. His description of the Erickson construction does not clearly bear him out. He failed to produce, or account for the nonproduction of, Mr. Erickson, who was living, as a witness. It may therefore fairly be presumed that Mr. Erickson's testimony would not be favorable to the defendant. From all the evidence it is clear that the Swindell annealing furnace for a period of 10 years was the generally accepted annealing furnace under conditions which afforded the use of natural or artificial gas.

The utility of plaintiffs' annealing furnace and the presumption of its novelty are better realized when consideration is given to the facts that annealing furnaces are built for the treatment by intense heat of tons of material at a time, that the weight of such material requires strong and expensive construction, and that for such reasons the users are comparatively few. It is not necessary to make extended reference to the specification forming part of the patent. It is stated therein:

"Our invention relates more particularly to furnaces of the class designed to receive and impart heat to annealing boxes containing sheets, plates, or other articles which are to be annealed; and its object is to provide a furnace of such class in which a uniform degree of heat may be imparted to the annealing boxes and an economical consumption of gaseous fuel be attained."

The patentees specify such correlation between the air-supply and waste-flues and the floor of the annealing furnace that the air is greatly heated before the moment of combustion and the heat of the waste gases utilized before their escape.

The defendant is charged with the infringement of the first two claims of the patent, which are as follows:

"1. In a furnace, the combination of a combustion-chamber, a gas-supply flue extending longitudinally below the floor thereof, a plurality of gas-supply passages leading from the gas-supply flue into the combustion-chamber, an air-supply flue extending longitudinally below and in contact with the floor of the combustion-chamber so ·as to be heated thereby, ·a plurality of air-supply passages leading from the air-supply flue into the combustion-chamber, and a waste-flue leading out of and extending below the floor of the combustion-chamber and adjoining the air-supply flue.

"2. In a furnace, the combination of a combustion-chamber, a gas-supply flue extending longitudinally below the floor thereof whereby it is heated, a plurality of gas-supply passages leading from the gas-supply flue into the combustion-chamber, a waste-flue leading out of and extending below the floor of the combustion-chamber, air-supply flues extending longitudinally below and in contact with the floor of the combustion-chamber whereby they are heated, and adjoining opposite sides of the waste-flue whereby they are further heated, and a plurality of air-supply passages leading from the air-supply flues into the combustion-chamber."

Analysis of claim 1 shows the following elements:

(a) A combustion-chamber.

(b) A gas-supply flue extending longitudinally below the floor thereof.

(c) A plurality of gas-supply passages leading from the gas-supply flue into the combustion-chamber.

(d) An air-supply flue extending longitudinally below and in contact with the floor of the combustion-chamber so as to be heated thereby.

(e) A plurality of air-supply passages leading from the air-supply flue into the combustion-chamber, and

(f) A waste-flue leading out of and extending below the floor of the combustion-chamber and adjoining the air-supply flue.

The same elements are found in claim 2, with slight variations in element (d), which specifies:

"Air-supply *flues* * * * adjoining opposite sides of the waste-flue *whereby they are further heated.*"

Claim 2 covers the annealing furnace of claim 1, but in a double symmetrical form, and specifies the heating of the air by the waste-flues as well as by the floor of the furnace.

Some of these elements are old in the art, as, for instance, the combustion-chamber, without which no furnace of any kind can be conceived. The patentees were not the first to ·place the waste-flue or the fuel-supply flue beneath the floor of a furnace. They were the first to make the particular arrangement of the flues specified in their patent. Above all, so far as appears in this case, they were the first to embody all the elements of the claims in an annealing furnace.

The argument on behalf of the defendant, that the claims are drawn to cover a furnace generally, and not an annealing furnace, and that the prior art with respect to furnaces generally should cause the patent to receive the most narrow construction, is not to be sus-.tained, in view of. the facts that the patent was granted for an an-.nealing furnace, and contains the specification of "a certain new and useful improvement in annealing furnaces" only. The patent relates to the particular art of annealing furnaces. It would not be of value to consider further and in detail the references by the defendant.

Almost all of them relate to a different art. None of them disclose the structure of the patent in suit. The validity of the patent must be sustained.

Little is to be said on the question of infringement. The furnace of the defendant has all the elements of the claims in controversy. This is apparent from the models of the different furnaces introduced in evidence by the defendant. The various flues are arranged in almost the same way, and bear the same relation to each other in construction and operation. The omission by defendant of certain transverse connections found in the air-flues of the patent is noted, but not material. The gas-supply passages and the air-supply passages from the respective flues are the same in each construction, except that they are shorter in defendant's and do not rise as high at the sides of the combustion-chamber. This shortening of such passages permits the air and gas to mix at a lower elevation than in the structure of the patent, but such mixture is carried to the proper height on each side in a longitudinal air and gas passage extending the full length of the furnace, with the same width as that of the several passages of which it is a composite extension. The differences are so slight that they do not aid the defendant. Nor is defendant helped by the testimony on his behalf to the effect that the air-supply flues are not necessary to the operation of his furnace. The existence of such flues negatives the effect of that testimony, which in other respects is very unsatisfactory, especially as it does not appear that opportunity was afforded the plaintiffs to see one of defendant's furnaces in operation with the air-flues closed. The air-flues being in the defendant's furnaces justify complainants' fear of infringement, because, if for no other reason, defendant by his answer has justified his right to their use.

The court finds the issue as to infringement in favor of the complainants. An injunction will issue as prayed for.

Let a decree be drawn in accordance with this opinion.