HAGAN v. SWINDELL et al.

(Circuit Court of Appeals, Third Circuit. April 4, 1913.)

No. 1,700.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—ANNEALING FURNACE.

The Swindell patent, No. 624,401, for an annealing furnace, in which gas is used as the fuel, especially adapted to the annealing of metal sheets, covers a combination which is novel and discloses invention. The invention is also important and valuable, and the patent is entitled to a reasonable range of equivalents; also *held* infringed.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Suit in equity by Edward H. Swindell and Bessie Swindell, as executors of William Swindell, deceased, and John C. Swindell, against George J. Hagan. Decree for plaintiffs, and defendant appeals. Affirmed.

For opinion below, see 198 Fed. 490.

Harry Easton, of Pittsburgh, Pa. (F. H. Bowersock, of New York City, of counsel), for appellant.

G. H. Parmelee and Clarence P. Byrnes, both of Pittsburgh, Pa., for appellees.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

J. B. McPHERSON, Circuit Judge. We do not agree with the appellant's criticism of Judge Orr's opinion reported in 198 Fed. 490; but there may, perhaps, be some advantage in explaining the patent a little more fully. In doing so we shall take the liberty of making free use of the appellees' brief.

It should first be observed that, while the claims refer to "a furnace," it is manifest from the specification and the drawings that a particular class of furnace—namely, an annealing furnace—was especially the object of the inventors. The specification says so repeatedly, and,

---

as this controversy is between two annealing furnaces, it is not neces-sary to decide whether the claims are to be so construed as to embrace a furnace built for another purpose. So far as appears, also, both furnaces are built and used for the sole purpose of annealing metal sheets or plates with gas fuel. Now, a furnace to anneal metal sheets must be specially built and operated. The floor must support and resist very heavy loads and strains, as the charges often weigh as much as 40 tons, and sometimes twice as much. The boxes with their contents are arranged in a row, parallel with the sides, and the prime object is to subject every box, surface and contents, to the same uniform heat. Otherwise, some sheets may be burnt by overheating, and some may be underheated, so as to require reannealing. It is desirable to preheat the air that is fed in to assist combustion; for preheating promotes a higher temperature, and is an important factor in economy and a larger output. In the process of annealing, the boxes and sheets are raised to a red heat, and then gradually cooled down; the time needed being 12 to 20 hours. Before the Swindells entered the field with the patented device, annealing furnaces were not satisfactory; they were of old designs, and were ordinarily heated by a coal fire. They were all of the same type; the gases of combustion passed through the furnace from end to end, passing over the boxes in a similar direction, namely, in tandem, one result being that the heat was greater near the firebox than at the farther end. Obviously, there was continual danger either that the first boxes would be overheated, or that the last boxes would not be heated sufficiently and would need to be reannealed. It was difficult also to anneal the contents of each box uniformly; either the top sheets were in danger of being burned, or the lower sheets were in danger of being underheated. These troubles happened, whether the heat came from coal or from gas. The boxes were short-lived, the output was relatively small, and, as the air was not preheated, more time and more fuel were needed to obtain the proper temperature. With these disadvantages to overcome, the furnace of the patent was devised, and a remarkable success followed speedily.

We shall quote the specification in a few moments, but a brief description of what the invention has accomplished may precede the quotation. In the furnace of the patent, uniform heating for every box and uniform annealing for its contents have practically been secured. Instead of the old tandem arrangement, the boxes are now placed between a row of inlet ports for gas and air, respectively, on one side of the combustion chamber, and a row of waste ports on the other. When the gas and the air are ignited, a sheet of flame equally distant everywhere from the row of boxes envelops them all, top, bottom, and each side, and finally leaves the chamber through the waste ports in the floor on the opposite side. The ports for gas and air are vertical, arranged along one side of the furnace at some distance above the floor; air and gas alternating so as to mix readily and burn to advantage. By raising the ports for gas and air above the floor, the flame does not short-circuit, but normally divides, and thus passes both above and below each box to the waste ports, heating the box uniformly during the passage.

Another advantage is obtained by the way in which the air is preheated. While preheating air is not new, the patentees were the first to apply the idea to annealing furnaces. By a simple and efficient arrangement of flues they were able to preheat the air, and also to take care of the great weight of the boxes. The boxes, sheets, and thick metal slabs or bottoms are very heavy, and, in order to support the weight and meet the strain of charging and discharging, the old annealing furnaces ordinarily had a solid floor and foundation. But the patentees solved the problems of support and of preheating by building longitudinal flues in the floor structure, each flue being parallel with the ports for air and gas, with the boxes, and with the waste or outlet ports. Of these flues one supplies air, and its roof is the hot floor of the combustion chamber. Another supplies hot producer gas to the gas ports; and this flue runs along and just within the side wall. The third is the hot waste flue, connecting with the waste ports in the floor. It will be seen that by this construction the longitudinal walls between these parallel flues furnish strong and continuous piers to carry the boxes and to resist the strain of charging and discharging. These flues are placed under the floor, and do not extend outside the furnace. The air in its flue is preheated through the floor of the chamber, and also by the hot wall of the waste flue, and perhaps to some extent by the hot wall of the gas flue. This arrangement has proved to be amply strong for all purposes.

The furnace of the patent has greatly increased the output, has promoted economy of fuel, has lengthened the life of the boxes, and has so improved control over the heat that the necessary continuance of a high temperature and the subsequent cooling are much more readily attained. The furnace may be either single or double, the double form being preferred. In this form, there is only one waste flue in the center, the air and the gas flues being repeated on each side. Two sheets of flame, each the whole length of the chamber, meet at the center and enter the waste ports in the floor. The double furnace is more economical, and probably heats more evenly. Of course, the whole structure becomes very hot in use; but this was also true with the older types and does not account for the success of the patent. Evidently the arrangement, especially of the flues, was the chief factor in a rapid success. The Swindell invention has held the field almost to the total exclusion of other annealing furnaces. Indeed it is not too much to say that the patent has brought the art of sheet annealing to its present stage, and has continuously held an unusually high place.

The specification is entitled "Annealing Furnace," and, after stating that William Swindell and John C. Swindell "have invented a certain new and useful improvement in annealing furnaces," proceeds as follow (except at one place we omit the reference letters and numbers):

"Our invention relates more particularly to furnaces of the class designed to receive and impart heat to annealing boxes containing sheets, plates, or other articles which are to be annealed; and its object is to provide a furnace of such class in which a uniform degree of heat may be imparted to the annealing boxes and an economical consumption of gaseous fuel be attained. * * *

"In the practice of our invention we construct a furnace having an annealing chamber, which is preferably square or rectangular in horizontal section above its floor, and a series of gas and air flues below the floor. The annealing chamber is inclosed by and between the floor, an arched top or roof, side walls, and end walls, openings closed by doors being formed in one of the end walls for the insertion and removal of the annealing boxes and their contents. The required degree of heat is imparted to the annealing boxes in the chamber by the combustion of a mixture of gas and heated air, which is supplied to the chamber through a series of flues located below the floor and supply passages formed in the side walls and connecting therewith, the essential features of which flues and passages are as follows:

"Longitudinal gas-supply flues are formed in the masonry of the lower portion of the furnace, each of said flues extending throughout the length of the furnace below the floor of the annealing chamber and adjacent to one of the side walls. Pipes lead from a suitable gas producer to the gas-supply flues, the flue on each side of the furnace communicating at one end with one of said pipes and the supply of gas therefrom being controlled by a suitable valve. The gas flues communicate with the annealing chamber by a plurality of vertical gas-supply passages, which are formed on the inner sides of the side walls and open into the annealing chamber a short distance above the floor.

"Two transverse air-admission flues, the outer open ends of which may be provided with proper valves or doors, extend from the sides of the furnace toward its center below the gas-supply flues and adjacent to the end of the furnace at which the pipes leading from the producers are located. Longitudinal air-supply and heating flues communicate at one end with the air-admission flues, and lead therefrom to, or nearly to, the opposite end of the furnace, where they communicate through ports with superposed longitudinal air-supply and heating flues. The flues communicate through ducts with a plurality of vertical air-supply passages, which are formed on the inner sides of the side walls, each being located adjacent to one of the gas-supply passages and opening into the annealing chamber on or nearly on a level therewith.

"A central waste or discharge flue extends longitudinally through the furnace below the floor and communicates with the annealing chamber by a plurality of discharge passages. The flue is connected at one end by transverse passages or connecting flues with two lateral waste or discharge flues, which extend through the furnace and passing out of the opposite end thereof are led into a common stack. Each of the flues is provided with a damper, governing communication with the stack.

"The air-supply and waste flues are so located relatively one to the other that the heat of the products of combustion passing from the annealing chamber to the stack shall be imparted as fully as possible to the currents of air passing to the annealing chamber through the flues. To this end a flue is located on each side of the central waste flue and on each side of each of the lateral waste flues. The air flues are each located immediately above one of the lateral waste flues and immediately under and in contact with the floor of the combustion chamber, so that they are effectively heated. The walls separating the waste and air flues are made as thin as is consistent with stability of construction, and it will be seen that the lateral waste flues are each surrounded on three sides by air flues and that there are air flues on two opposite sides of the central waste flue, while the air flue, through which the air passes just prior to its entrance to the combustion chamber, is between the highly heated floor of the latter and the waste flue.

"Access to the gas flues is afforded by openings controlled by doors, and the air flues may also be provided with suitable openings and doors.

"While the most effective results are attainable by a duplicate system of air, gas, and waste flues on opposite sides of the longitudinal central plane of the furnace, as above described, it will be obvious that such duplication is not an essential of our invention and that the same structural and operative principle would be embodied in a furnace of a construction substantially similar to that of one-half of the furnace shown.

"In the operation of the furnace, gas from the producer passes from the pipes into the flues and thence into the annealing chamber by the passages, which distribute it throughout the length of the chamber. Air enters at the open ends of the admission flues and thence passes in divided currents through the flues (13), from which it passes through the flues (14) and is thence distributed throughout the length of the chamber by the passages, each of which is in close proximity to a gas passage. The gas and air meet and are mingled at the outlets of the passages, and the mixture is ignited and burns thereat; the heat evolved being exerted with substantial uniformity throughout the annealing chamber. The hot products of combustion pass from the annealing chamber by the discharge passages into the waste flue, and thence pass through the connecting flues and lateral flues to the stack. In their passage through the flues their heat is imparted to the walls thereof and thence to the currents of air passing through the flues to the annealing chamber. The heat of the waste gases is thus effectually utilized before their escape into the stack."

The claims in controversy are the first and the second:

"1. In a furnace, the combination of a combustion chamber, a gas-supply flue extending longitudinally below the floor thereof, a plurality of gas-supply passages leading from the gas-supply flue into the combustion chamber, an air-supply flue extending longitudinally below and in contact with the floor of the combustion chamber so as to be heated thereby, a plurality of air-supply passages leading from the air-supply flue into the combustion chamber, and a waste flue leading out of and extending below the floor of the combustion chamber and adjoining the air-supply flue.

"2. In a furnace, the combination of a combustion chamber, a gas-supply flue extending longitudinally below the floor thereof whereby it is heated, a plurality of gas-supply passages leading from the gas-supply flue into the combustion chamber, a waste flue leading out of and extending below the floor of the combustion chamber, air-supply flues extending longitudinally below and in contact with the floor of the combustion chamber whereby they are heated, and adjoining opposite sides of the waste flue whereby they are further heated, and a plurality of air-supply passages from the air-supply flues into the combustion chamber."

After what has been said, we need not spend time in discussing the prior art. The combination is novel, and discloses invention, and is entitled to a reasonable range of equivalents. And, indeed, it is at this point that the defendant's principal contention appears. He insists that the patent must be so narrowly construed that his own structure does not infringe, and if he fails here he fails altogether. We have attentively considered his argument, but without being convinced. In a few words, we think it comes to this: The patent calls for an arrangement of flues by which the air is carried twice along and under the length of the chamber before it is ignited, and is thus more effectively heated than if it were only carried once, whereas the defendant contents himself with carrying it only once. This is the substance of his position, although there is much more detail in the argument. But we must decline to accept it as valid. The patent is important and valuable, and is not to be impaired by so slight a change. The claims in dispute are not confined to the double-pass construction—which is claimed elsewhere in the patent, and is no doubt the preferred form—but in our opinion clearly cover the defendant's furnace. There can hardly be room for doubt about claim 1, which reads directly on that structure, and we agree with the District Court that claim 2 covers a duplicate arrangement of claim 1.

The judgment is affirmed, with costs.